IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

RAMEL HUTCHINSON,          :
    Plaintiff          :
              :
    v.          :          CIVIL ACTION NO. 22-CV-2652
              :
NORTHAMPTON COUNTY PRISON,          :
    Defendant          :

## MEMORANDUM

**PRATTER, J.**                                    **SEPTEMBER** */6*, **2022**

    Plaintiff Ramel Hutchinson, who identifies himself as a civilly committed detainee, brings this *pro se* civil action pursuant to 42 U.S.C. § 1983, alleging claims related to his confinement at Northampton County Prison.[1] Mr. Hutchinson seeks to proceed *in forma pauperis*. Because it appears that Mr. Hutchinson cannot afford to pay the filing fee, the Court will grant him leave to proceed *in forma pauperis*. For the following reasons, the Court will dismiss his Complaint without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

## I.     FACTUAL ALLEGATIONS

    Mr. Hutchinson brings this civil action against a single Defendant, Northampton County Prison ("NCP"), averring that he has been deprived of his "personal rights, privileges, or immunities." (Compl. (ECF No. 1) at 2-3.)[2] More specifically, Mr. Hutchinson contends that since the start of his incarceration on February 23, 2022, "all mental health inmates [are] locked in our cells for 22 hours a day giving us 2 hours of 'rec' time as [] the normal day to day

---

[1] Mr. Hutchinson used the Court's form complaint for violation of civil rights to prepare his Complaint and indicates that he seeks to raise claims pursuant to 42 U.S.C. § 1983.

[2] The Court adopts the pagination assigned to the Complaint by the CM/ECF system.

operation." (*Id.* at 4-5.) He asserts that segregation of the mental health inmates is unnecessary because no one is "in trouble" and cell lockdown for extended periods increases medical issues because they are unable to speak to any regular therapists or participate in groups. (*Id.*) Mr. Hutchinson wants the mental health inmates to have all their "proper needs," including group and therapy sessions.[3] (*Id.* at 5.) He also seeks more recreation time, asserting that two hours outside of their cells is not enough. (*Id.*) Mr. Hutchinson seeks two million dollars in damages to cover "all medical expenses for after care." (*Id.*) A review of the public state court docket reveals that Mr. Hutchinson is currently a pretrial detainee awaiting trial on various criminal charges. *See Commonwealth v. Hutchinson*, CP-48-CR-0000882-2022, CP-48-CR-0000883-2022, CP-48-CR-0000884-2022 (C.P. Northampton).

## II.    STANDARD OF REVIEW

The Court will grant Mr. Hutchinson leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action. Accordingly, 28 U.S.C. § 1915(e)(2)(B) requires the Court to dismiss the Complaint if, among other things, the Complaint fails to state a claim. Whether a complaint fails to state a claim under §

---

[3] At several points in his Complaint, Mr. Hutchinson uses plural pronouns like "we" or refers to all of the "mental health inmates" in referencing the conditions at NCP. Under 28 U.S.C. § 1654, parties "may plead and conduct their own cases personally or by counsel" in the federal courts. Section 1654 thus ensures that a person may conduct his or her own case *pro se* or retain counsel to do so. *See Osei-Afriyie v. Med. Coll. of Pa.*, 937 F.2d 876, 882 (3d Cir. 1991) ("The statutory right to proceed *pro se* reflects a respect for the choice of an individual citizen to plead his or her own cause." (quoting *Cheung v. Youth Orchestra Found. of Buffalo, Inc.*, 906 F.2d 59, 61 (2d Cir. 1990) )). Although an individual may represent himself *pro se*, a non-attorney may not represent other parties in federal court. *See Collinsgru v. Palmyra Bd. of Educ.*, 161 F.3d 225, 232 (3d Cir. 1998) ("The rule that a non-lawyer may not represent another person in court is a venerable common law rule."), *abrogated on other grounds by Winkelman ex rel. Winkelman v. Parma City Sch. Dist.*, 550 U.S. 516 (2007). Accordingly, the Court construes Mr. Hutchinson's allegations as raising only his own claims and not claims of other inmates at NCP.

1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678. As Mr. Hutchinson is proceeding *pro se*, the Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

## III.   DISCUSSION

As noted above, the Complaint reflects Mr. Hutchinson's intention to raise civil rights claims, pursuant to § 1983, the vehicle by which federal constitutional claims may be brought against state actors in federal court. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

Hutchison's Complaint must be dismissed because the only party he has named, NCP, is not a proper defendant in a § 1983 case. A prison or correctional facility is not a "person" as that term is used in § 1983. *Miller v. Curran-Fromhold Corr. Facility*, No. 13-7680, 2014 WL 4055846, at *2 (E.D. Pa. Aug. 13, 2014) (citing *Mitchell v. Chester Cty. Farms Prison*, 426 F.

Supp. 271 (E.D. Pa. 1976)); *Cephas v. George W. Hill Corr. Facility*, No. 09-6014, 2010 WL

2854149, at *1 (E.D. Pa. July 20, 2010); *Regan v. Upper Darby Twp.*, No. 06-1686, 2009 WL

650384, at *4 (E.D. Pa. Mar. 11, 2009), *aff'd*, 363 F. App'x 917 (3d Cir. 2010).   Rather, a

proper defendant in a § 1983 case is one who had "personal involvement in the alleged wrongs."

*See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988); *Dooley v. Wetzel*, 957 F.3d 366,

374 (3d Cir. 2020) ("Personal involvement requires particular 'allegations of personal direction

or of actual knowledge and acquiescence.'" (quoting *Rode*, 845 F.2d at 1207)).   However,

because the Court cannot say that Mr. Hutchinson will never be able to assert a plausible claim

based on the conditions of his confinement,[4] the dismissal of the Complaint will be without

prejudice and Mr. Hutchinson will be granted an opportunity to file an amended complaint[5] if he

is able to cure the defects the Court has identified.

---

[4] The Due Process Clause of the Fourteenth Amendment governs conditions of confinement claims brought by pretrial detainees. *Hubbard v. Taylor*, 399 F.3d 150, 166 (3d Cir. 2005).  To state a basis for a Fourteenth Amendment violation, a detainee must allege that his conditions of confinement amount to punishment. *Bell v. Wolfish*, 441 U.S. 520, 538 (1979). "Unconstitutional punishment typically includes both objective and subjective components." *Stevenson v. Carroll*, 495 F.3d 62, 68 (3d Cir. 2007).  "[T]he objective component requires an inquiry into whether the deprivation was sufficiently serious and the subjective component asks whether the officials acted with a sufficiently culpable state of mind." *Id.* (internal quotations and alterations omitted).  In that regard, "a 'particular measure amounts to punishment when there is a showing of express intent to punish on the part of detention facility officials, when the restriction or condition is not rationally related to a legitimate non-punitive government purpose, or when the restriction is excessive in light of that purpose.'" *Bistrian v. Levi*, 696 F.3d 352, 373 (3d Cir. 2012), *abrogated on other grounds as recognized in Mack v. Yost*, 968 F.3d 311, 319 n.7 (3d Cir. 2020) (quoting *Stevenson*, 495 F.3d at 68); *Steele v. Cicchi*, 855 F.3d 494, 504 (3d Cir. 2017).

[5] The Court notes that Mr. Hutchinson requested leave of Court to file an amended complaint in conjunction with the filing of his motion to proceed *in forma pauperis*. (*See* ECF No. 8.)  The Court will permit him this opportunity as provided by the Order that follows this Memorandum.

IV.     **CONCLUSION**

For the foregoing reasons, the Court will grant Mr. Hutchinson leave to proceed *in forma pauperis* and dismiss his Complaint without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). An appropriate Order follows with additional instruction on amendment.

BY THE COURT:

_____

GENE E.K. PRATTER, J.