IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RAMEL HUTCHINSON,<br>    Plaintiff | :<br>:<br>: |
| v. | :   CIVIL ACTION NO. 22-CV-2652 |
| | : |
| NORTHAMPTON COUNTY PRISON,<br>    Defendant | :<br>: |

## ORDER

AND NOW, this 17th day of January, 2023, upon consideration of Plaintiff Ramel Hutchinson's Amended Complaint (ECF No. 13), it is **ORDERED** that

1. The Clerk of Court is **DIRECTED** to amend the caption to add the following defendants named in the Amended Complaint: (1) Northampton County; (2) David Penchishen; (3) PrimeCare Medical; (4) Denise Doe; (5) Lt. Cruz; (6) Chris Gebhardt; and (7) C.O. Georges.

2. For the reasons discussed in the Court's Memorandum, Mr. Hutchinson's claims are **DISMISSED WITHOUT PREJUDICE except for** (a) his official capacity and RLUIPA claims against the individual defendants, (b) any claims for monetary damages pursuant to RLUIPA, and (c) his claims of unconstitutional conditions of confinement claims concerning the lack of televisions and vending machines on his tier and the inability to sign up for GED classes, which are each **DISMISSED WITH PREJUDICE** for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

3. The Clerk of Court is **DIRECTED** to terminate Northampton County Prison as a defendant.

4. Mr. Hutchinson may file a second amended complaint within thirty (30) days of the date of this Order in the event he can allege additional facts to cure the defects in the claims the Court dismissed without prejudice. Any second amended complaint must identify all defendants in

the caption of the second amended complaint in addition to identifying them in the body of the second amended complaint and shall state the basis for Mr. Hutchinson's claims against each defendant and shall bear the title "Second Amended Complaint" and the case number 22-2652. If Mr. Hutchinson files a second amended complaint, the second amended complaint must be a complete document that does not rely on the initial Complaint, Amended Complaint, or any other papers filed in this case to state a claim. When drafting his second amended complaint, Mr. Hutchinson should be mindful of the Court's reasons for dismissing the claims in his Amended Complaint as explained in the Court's Memorandum. Upon the filing of a second amended complaint, the Clerk shall not make service until so **ORDERED** by the Court.

5. The Clerk of Court is **DIRECTED** to send Mr. Hutchinson a blank copy of the Court's form complaint for a prisoner filing a civil rights action bearing the above civil action number. Mr. Hutchinson may use this form to file his second amended complaint if he chooses to do so.[1]

6. If Mr. Hutchinson does not wish to amend and instead intends to stand on his Amended Complaint as originally pled, he may file a notice with the Court within thirty (30) days of the date of this Order stating that intent, at which time the Court will issue a final order dismissing the case. Any such notice should be titled "Notice to Stand on Amended Complaint," and shall include the civil action number for this case. *See Weber v. McGrogan*, 939 F.3d 232 (3d Cir. 2019) ("If the plaintiff does not desire to amend, he may file an appropriate notice with the district court asserting his intent to stand on the complaint, at which time an order to dismiss the action would be appropriate." (quoting *Borelli v. City of Reading*, 532 F.2d 950, 951 n.1 (3d Cir. 1976))); *In re Westinghouse Sec. Litig.*, 90 F.3d 696, 703–04 (3d Cir. 1996) (holding "that the

---

[1] This form is available on the Court's website at http://www.paed.uscourts.gov/documents/forms/frmc1983f.pdf.

2

district court did not abuse its discretion when it dismissed with prejudice the otherwise viable claims . . . following plaintiffs' decision not to replead those claims" when the district court "expressly warned plaintiffs that failure to replead the remaining claims . . . would result in the dismissal of those claims").

7.  If Mr. Hutchinson fails to file any response to this Order, the Court will conclude that Mr. Hutchinson intends to stand on his Amended Complaint and will issue a final order dismissing this case.[2] *See Weber*, 939 F.3d at 239-40 (explaining that a plaintiff's intent to stand on his complaint may be inferred from inaction after issuance of an order directing him to take action to cure a defective complaint).

BY THE COURT:

*/s/ Gene E.K. Pratter*

GENE E.K. PRATTER, J.

---

[2] The six-factor test announced in *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863 (3d Cir. 1984), is inapplicable to dismissal orders based on a plaintiff's intention to stand on his complaint. *See Weber*, 939 F.3d at 241 & n.11 (treating the "stand on the complaint" doctrine as distinct from dismissals under Federal Rule of Civil Procedure 41(b) for failure to comply with a court order, which require assessment of the *Poulis* factors); *see also Elansari v. Altria*, 799 F. App'x 107, 108 n.1 (3d Cir. 2020) (*per curiam*). Indeed, an analysis under *Poulis* is not required when a plaintiff willfully abandons the case or makes adjudication impossible, as would be the case when a plaintiff opts not to amend his complaint, leaving the case without an operative pleading. *See Dickens v. Danberg*, 700 F. App'x 116, 118 (3d Cir. 2017) (*per curiam*) ("Where a plaintiff's conduct clearly indicates that he willfully intends to abandon the case, or where the plaintiff's behavior is so contumacious as to make adjudication of the case impossible, a balancing of the *Poulis* factors is not necessary."); *Baker v. Accounts Receivables Mgmt., Inc.*, 292 F.R.D. 171, 175 (D.N.J. 2013) ("[T]he Court need not engage in an analysis of the six *Poulis* factors in cases where a party willfully abandons her case or otherwise makes adjudication of the matter impossible." (citing cases)).